# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE NATIONWIDE GENERAL INS. CO., et al.<br><br>Plaintiffs,<br><br>v.<br><br>MAKITA U.S.A., INC.<br><br>Defendant. | CIVIL ACTION No. 17-cv-2376-JLS |

## MEMORANDUM AND ORDER CONCERNING DOC. NOS. 35 & 37.

I have considered Defendant's Memorandum (Doc. No. 35; "Def. Mem.") in response to my previous Order of April 23, 2018 (Doc. No. 34), and Plaintiff's Response to Supplemental Memorandum of Law (Doc. No. 37; "Pl. Res."). Plaintiff correctly points out that Defendant has not addressed the various burden factors outlined in paragraph 2 of the April 23, 2018 Order, but has instead argued that the discovery previously ordered is not relevant, based on its interpretation of certain deposition testimony. *See* Pl. Res. 2-3; Def. Mem. 2-5). Defendant's argument extends to both batteries and battery chargers. Def. Mem. 2-5.

Defendant's Memorandum amounts to a motion for reconsideration, without the showing required for such a motion. *See, e.g., Cohen v. Austin,* 869 F.Supp. 320, 321 (E.D. Pa. 1994) ("The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). A district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to

correct a clear error of law or to prevent manifest injustice. *Id.* None of these three situations apply here.

The information relied upon by the Defendant in its motion was available before the motion was argued. There has been no intervening change in controlling law. There is no clear error of law, no occasion of manifest injustice, and no need to correct either. To boot, Defendants have not demonstrated the burdensomeness they claimed at the time of oral argument, and which I provided them an opportunity to describe in detail as specified in my Order of April 23, 2018. The need for efficiency and finality, which underpins the judicial caution in granting motions for reconsideration, is the most salient factor here. *See Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995); *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D. Pa. 1992) (motions for reconsideration should be granted sparingly). It is therefore, on this 21st day of June, 2018

**ORDERED**

That the Defendant's objections to production of documents, stated in its Memorandum (Doc. No. 35), are overruled. It is **FURTHER ORDERED**, that paragraph 2 of the Order of April 23, 2018 is modified to include model numbers BL1820, BL1840, and BL1850, in addition to the battery models already listed in paragraph 2, as battery models for which the discovery ordered must be produced. It is

**FURTHER ORDERED** that the Defendant shall produce at once the discovery ordered in paragraphs 1, 2, and 3 of the April 23, 2018 Order, as modified here.

BY THE COURT:

___*s/Richard A. Lloret*_____
HON. RICHARD A. LLORET
U.S. Magistrate Judge